PER CURIAM
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Michael Keith LeBlanc, an attorney licensed to practice law in Louisiana, but currently suspended from practice.
PRIOR DISCIPLINARY HISTORY
Before we address the current charges, we find it helpful to review respondent's prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 2002. In 2007, he received an admonition for engaging in a conflict of interest and in conduct prejudicial to the administration of justice. Then, in 2008, the ODC commenced an investigation into allegations that respondent neglected legal matters, failed to communicate with clients, and failed to promptly refund unearned fees. Thereafter, respondent failed to cooperate with the ODC in the investigation. Respondent was placed on interim suspension pursuant to a joint motion of the parties. In re: LeBlanc , 08-1688 (La. 7/29/08), 987 So.2d 248. Thereafter, we accepted a petition for consent discipline and suspended respondent from the practice of law for three years, retroactive to the date of his interim suspension, for the above misconduct. In re: LeBlanc , 12-1487 (La. 9/14/12), 98 So.3d 288 (" LeBlanc I "). Respondent has not been reinstated and, thus, remains suspended from the practice of law.
Against this backdrop, we now turn to a consideration of the misconduct at issue in the instant proceeding.
FORMAL CHARGES
On August 4, 2017, the ODC was contacted by law enforcement for the Jackson County Sheriff's Department in Pascagoula, Mississippi. The ODC was advised that respondent was the subject of an arrest warrant alleging that he had committed embezzlement and forgery.
The ODC opened an investigation into these allegations. The ODC learned that respondent had committed the alleged crimes while employed as an accountant with Premier Craneworks ("Premier") in Pascagoula. Upon reviewing his bank statement, the president of Premier noticed that two checks - one in the amount of $ 1,955.83 and another in the amount of $ 1,956.38 - had been written on the company's account but were issued out of sequence. An investigation by law enforcement established that respondent, without permission, consent, or authority, had taken *76 the checks and made them payable to his girlfriend, who then cashed them. After the stolen checks were discovered, respondent left his employer's office and fled the jurisdiction of Mississippi. Law enforcement described respondent as a fugitive from justice. Respondent was recently apprehended on an open warrant while in Florida and has been extradited to Mississippi.
DISCIPLINARY PROCEEDINGS
In March 2018, the ODC filed formal charges against respondent, alleging that his conduct violated the following provisions of the Rules of Professional Conduct: Rules 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee's consideration.
Hearing Committee Report
After considering the ODC's deemed admitted submission, the hearing committee made factual findings consistent with the deemed admitted factual allegations set forth in the formal charges. The committee added that when the president of Premier confronted respondent about the checks, respondent denied knowing anything about them. Based on these facts, the committee determined respondent violated Rules 8.4(b) and 8.4(c) of the Rules of Professional Conduct.
The committee determined that respondent violated duties owed to the public and the legal profession. His actions in committing these crimes were, by definition, intentional. Respondent stole approximately $ 4,000 from his employer. He also caused law enforcement to expend valuable time, resources, and effort to locate and extradite him. His criminal acts reflect adversely on the legal profession's image in the eyes of the public and the consumers of legal services. After considering the ABA's Standards for Imposing Lawyer Sanctions , the committee determined the baseline sanction is disbarment.
The committee found the following aggravating factors are supported by the record: a prior disciplinary record, a dishonest or selfish motive, a pattern of misconduct, multiple offenses, vulnerability of the victim, substantial experience in the practice of law, indifference to making restitution, and illegal conduct. The committee found no mitigating factors present.
After further considering respondent's conduct in light of the permanent disbarment guidelines, the committee recommended respondent be permanently disbarred. The committee further recommended he be assessed with the costs and expenses of this proceeding.
Neither respondent nor the ODC filed an objection to the hearing committee's report.
Disciplinary Board Recommendation
After review, the disciplinary board acknowledged that the factual allegations of the formal charges have been deemed admitted and proven. The board also determined that the legal conclusions of the hearing committee are supported by the factual allegations asserted in the formal charges and by the evidence submitted in *77 support of the allegations. Based on these findings, the board concluded that respondent violated the Rules of Professional Conduct as charged.
The board determined that respondent violated duties owed to the public and the legal profession. His actions in committing the criminal acts were intentional. By his theft, respondent caused harm to his employer. The board agreed with the committee that the baseline sanction is disbarment.
The board adopted the aggravating factors found by the hearing committee but declined to recognize the factor of substantial experience in the practice of law, noting that respondent had only been practicing for six years when he was suspended in 2008. The board agreed that the record supports no mitigating factors.
After further considering respondent's conduct in light of the permanent disbarment guidelines, the board recommended that respondent be permanently disbarred. The board further recommended that he be assessed with the costs and expenses of this proceeding.
Neither respondent nor the ODC filed an objection to the disciplinary board's recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const. art. V, § 5 (B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks , 09-1212 (La. 10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § 11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allegations. In re: Donnan , 01-3058 (La. 1/10/03), 838 So.2d 715.
The record in this deemed admitted matter supports a finding that respondent stole approximately $ 4,000 from his employer. This misconduct is a clear violation of the Rules of Professional Conduct as alleged in the formal charges.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent's actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass'n v. Reis , 513 So.2d 1173 (La. 1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Whittington , 459 So.2d 520 (La. 1984).
By its very nature, respondent's criminal conduct was intentional. In acting as he did, respondent violated duties owed to the public and the legal profession, causing actual harm. Considering the ABA's Standards for Imposing Lawyer Sanctions , the *78 baseline sanction in this matter is disbarment.
The record supports the aggravating factors found by the disciplinary board. There are no mitigating factors supported by the record.
In their respective reports, the hearing committee and the disciplinary board have concluded respondent's offenses are so egregious that he should be permanently prohibited from applying for readmission to the bar. We agree. In Appendix E to Supreme Court Rule XIX, the court set forth guidelines illustrating the types of conduct that might warrant permanent disbarment. While these guidelines are not intended to bind the court in its decision-making process, they present useful information concerning the types of conduct that may be worthy of permanent disbarment. For purposes of the instant case, Guideline 9 is relevant. That guideline details the following conduct:
GUIDELINE 9. Instances of serious attorney misconduct or conviction of a serious crime, when the misconduct or conviction is preceded by suspension or disbarment for prior instances of serious attorney misconduct or conviction of a serious crime. Serious crime is defined in Rule XIX, Section 19. Serious attorney misconduct is defined for purposes of these guidelines as any misconduct which results in a suspension of more than one year.
This case falls squarely within the requirements of Guideline 9. Standing alone, respondent's current misconduct, which is criminal in nature, constitutes serious attorney misconduct and warrants disbarment. This misconduct was preceded by LeBlanc I , wherein respondent received a three-year suspension for serious attorney misconduct.
Accordingly, we will accept the board's recommendation and permanently disbar respondent.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Michael Keith LeBlanc, Louisiana Bar Roll number 27834, be and he hereby is permanently disbarred. His name shall be stricken from the roll of attorneys and his license to practice law in the State of Louisiana shall be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
Genovese, J., would impose disbarment.